The Indiana Natural and Illuminating Gas Company v. McMath.

[No. 3,120. Filed June 5, 1900. Rehearing denied January 24, 1901.]

Highways.—*Surface Gas Pipe.*—*Personal Injuries.*—One who maintains an exposed gas pipe through which natural gas is flowing on the surface of the ground within the limits of a public highway does an unlawful act and is liable in damages to one who, without his fault, breaks the pipe by driving a traction engine over it and is injured by an explosion of the escaping gas. *pp. 155, 156.*

Indiana, etc., Gas Co. *v.* McMath.

HIGHWAYS.—*Private Use.*—*Obstruction to Travel.*—Uses of a public highway by private individuals or corporations, to be lawful, must be consistent with the continued use of the road and every part thereof as a passageway by all persons exercising ordinary care.  *p. 157.*

TRIAL.—*Verdict.*—*Answers to Interrogatories.*—Contradictory answers to interrogatories cannot control a general verdict, as they nullify each other.  *pp. 157, 158.*

EVIDENCE.—*Conflict.*—*Weight.*—A verdict will not be disturbed on conflicting evidence as to plaintiff's contributory negligence. *p. 158.*

HIGHWAYS.— *Use by Traveler.*—A traveler on a highway bordered by fences on either side is entitled, as against persons maintaining gas pipes thereon, to use it for purposes of travel from fence to to fence, exercising ordinary care in such use.  *pp. 158, 159.*

TRIAL.—*Burden of Proof.*—*Interrogatories.*—It is not necessary that answers to special interrogatories returned with a general verdict for plaintiff shall affirmatively establish any of the facts of which he has the burden of proof.  *pp. 159, 160.*

From the Tipton Circuit Court.  *Affirmed.*

*J. C. Farber, J. N. Waugh, J. P. Kemp* and *Dan Waugh,* for appellant.

*D. J. McMath* and *A. Stahl,* for appellee.

BLACK, J.—The complaint of the appellee against the appellant showed that the latter, on the 16th of October, 1896, and for a long time prior thereto, unlawfully and negligently maintained one of its lines about one-half inch in diameter, through which gas was being transmitted to its customers in Tipton county, on top of the ground in and upon a public highway running east and west, at a point about three-fourths of a mile north and one-half a mile east of the town or village of Ekin in said county, in such a manner as to obstruct the highway, and negligently permitted the weeds and grass to grow over and obscure the main from the view of the appellee and the traveling public; that on said day the appellee was traveling upon and along said highway with a traction-engine with a clover-huller attached, and it became necessary for him to turn from said highway into a clover field adjacent thereto; that in passing from said highway to said field, although using all due care

and caution therein, he ran his engine over said main at a point in said highway where the same was unlawfully maintained as aforesaid, and where it was obscured from his view, and he did not see it; that it was covered up and hidden by weeds and grass, which were negligently permitted to grow over it as aforesaid; that he had no knowledge of the existence of said main in and upon said highway at said point, and being without fault or negligence on his part in running said engine over said main, the same was thereby crushed by said engine, from which the gas escaped and ignited from the fire in the fire-box of said engine and thereby caused an explosion; that by reason of said explosion, the appellee's arm, hands, face, ears and eyes were badly burned, permanently injuring his arm, hand and eyes and causing great physical and mental shock, from which he has not yet recovered and may never recover; all of which was without fault or negligence on the part of the appellee; that by reason of the premises, he has been damaged in the sum of $5,000, for which he demands judgment.

The appellant's motion to make the complaint more specific and its demurrer thereto for want of sufficient facts were overruled. There was an answer in denial, and a trial by jury in the court below, to which the venue had been changed from the Clinton Circuit Court, resulted in a general verdict for the appellee for $500, the jury returning also answers to interrogatories. The appellant's motion for judgment upon the interrogatories and the answers of the jury thereto and its motion for a new trial were overruled, and judgment was rendered on the verdict.

The complaint, though its form might have been improved, stated a cause of action with sufficient definiteness.

In *Lebanon Light, etc., Co.* v. *Leap,* 139 Ind. 443, 452, 29 L. R. A. 342, it was said to be a violation of the law to lay natural gas-pipe upon a public highway; that whatever might be said as to the right to lay gas-pipe, or other pipe, in covered trenches along the highway, after due permis-

sion obtained from the proper authority, the pipe being so laid as not in any manner to obstruct the highway or endanger public travel, there could be no question that it was unlawful to occupy the surface of the highway as was done in that case. "The public roads, free from any obstruction to travel, are solely, and from fence to fence, for the use of the traveling public."

It is not necessary to a recovery in such a case that the particular injury should be foreseen which in fact occurred, but it is sufficient if it was to be expected reasonably that injury might occur to some person exercising a legal right in an ordinarily careful manner. *Ohio, etc., R. Co.* v. *Trowbridge,* 126 Ind. 391, 395.

It is a nuisance and unlawful to place and keep or leave continuously in a public highway anything which either impedes or endangers public travel. This rule applies to the whole width of the highway, and not merely to a worn portion of it commonly used for passage. Privileges which, if usurped by a great number of persons or corporations would change the road from a public easement to a mere special benefit or convenience to such usurpers, are not lawful for any of them. The uses must be consistent with the continued use of the road and every part thereof as a passageway by all persons exercising ordinary care.

The special averments of facts in the complaint were not, as claimed on behalf of the appellant, necessarily inconsistent with the general averments of want of contributory negligence on the part of the appellee.

In discussing the action of the court in overruling the appellant's motion for judgment upon the special findings of the jury, counsel for appellant contend earnestly that the answers of the jury were inconsistent with each other. Counsel manifestly have overlooked the rule, often stated in our reports, that where the special findings are inconsistent with each other, this is not a reason for rendering judgment upon them, but it is a reason why the general verdict should

stand.  To control the general verdict, the special findings must show without contradiction that the general verdict is wrong; for contradictory answers to interrogatories nullify each other.  *Fitzmaurice* v. *Puterbaugh*, 17 Ind. App. 318.

In the discussion of the evidence, it is earnestly contended that there was a failure to prove the appellee's freedom from contributory negligence.

The gas-pipe was one-half an inch in diameter, the thickness of the iron being one-eighth of an inch.  It lay upon the surface of the highway along the south side thereof about three or four feet from the fence on that side, where it had lain for some years, the grass and weeds hiding it. The appellee, who did not reside in that neighborhood, was proceeding with a traction-engine driven by steam to enter a clover field on the north side of the road, which was twenty-four feet in width, the entrance being through a gap in the north fence.  To make the turn, he caused the engine to run over upon the south side of the traveled track, first sending one of his employes ahead to examine the way for obstructions.  Without knowledge of the position or of the existence of the gas-pipe, he ran the engine upon it and thereby crushed it.  The escaping gas was ignited by the fire in the fire-box of the engine, and the appellee was injured by the explosion and flame.  The argument of the appellant is devoted largely to the question as to the appellee's knowledge of the presence of the gas-pipe.  The evidence upon this question was such that this court can not disturb the jury's conclusion.  There was some conflict in the testimony, but to the argument devoted to it by counsel we can give no heed.  There was evidence from which the jury could conclude that there was no contributory negligence, and counsel having failed to convince the jury to the contrary, the result must stand.

It became proper for the appellee, in the course of his lawful use of the highway, to turn off the road into the adjoining field on the north.  If to do so it was convenient

for him to cause his engine to pass over and upon the part of the highway usually untraveled on the south side thereof, this was a lawful use for which the highway existed. To render such use dangerous as shown in the evidence was unlawful. The road being bordered by fences·on either side, the appellee was entitled, exercising ordinary care, so to use it from fence to fence, as against the appellant occupying a part of such space as shown in the complaint and by the evidence. See Elliott on Roads and Streets, 477 *et seq.*

No available error has been brought to our attention. Judgment affirmed.

## ON PETITION FOR REHEARING.

BLACK, J.—The learned counsel for the appellant, in their brief on petition for a rehearing, contend in effect that their argument in relation to certain answers to interrogatories, which they claimed were inconsistent with each other, was misapplied. It was argued in the appellant's brief on the original hearing that these special findings neutralized each other, to say the least, it being claimed that one answer was that appellee "did not know, the other two that he did know." It was next said in the brief: "The burden is on McMath to show that he did·not know of it." This might be supposed to have been intended as an argument that the inconsistency between the special findings should be available in favor of the appellant in the consideration of its motion for judgment in its favor upon the special findings notwithstanding the general verdict, because of the burden upon the appellee. It is true that the burden of the issue was upon the appellee, but it was not necessary to his recovery that any material fact of which he had the burden should be shown by the special findings. The general verdict decided in his favor all the facts for the proof of which he had the burden, and to warrant a judgment against him upon the special findings, notwithstanding the

general verdict, it was needed that some fact or facts irreconcilably inconsistent with the general verdict should be shown, without contradiction, by the special findings. Perhaps we were justified in supposing that counsel desired effect in favor of the appellant to accrue from the contradictoriness of the answers to interrogatories. That effect, it would seem, was expected because the burden of the issue was upon the appellee.

Other matters argued seem to be sufficiently disposed of in our original opinion. Petition overruled.