No. 21,522.

J. A. THOMPSON and F. D. THOMPSON, Partners, etc., *Appellants,* v. THE UNION TRACTION COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. HIGHWAY—*Surface Oil Pipe—Pipe Broken—Damages.* A company which maintains an oil pipe on the surface of a highway, through which inflammable oil is flowing, is liable in damages to one who without negligence on his part breaks the pipe by driving a threshing outfit over it and sustains injury and loss from the escaping oil.

2. SAME—*Surface Oil Pipe—Rights of User of Road.* In taking their threshing outfit into a field adjoining the highway, in order to thresh a crop, the plaintiffs were entitled to use not only the worn part of the highway but also the whole width of the same so far as it was necessary.

3. SAME—*Surface Oil Pipe—Damages—Evidence for Jury.* In an action to recover damages resulting from the breaking of an exposed oil pipe a demurrer to plaintiffs' evidence was sustained, and upon an examination of the evidence it is held to have been sufficient to take the case to the jury as to the negligence of the defendant, and also as to the plaintiffs' contributory negligence.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed May 11, 1918. Reversed.

*Sullivan Lomax,* of Cherryvale, for the appellants.

*Chester Stevens,* of Independence, and *John J. Jones,* of Chanute, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  This was an action to recover damages for the alleged negligent burning of plaintiffs' threshing outfit.  There have been two trials of the case; at the first of which a demurrer to the evidence was sustained, and the plaintiffs were given leave to amend their petition.  At the second trial the court again sustained a demurrer to plaintiffs' evidence, and from that decision they appeal.

It was alleged in the amended petition that the defendant owns and maintains a two-inch pipe-line upon the surface of and along the south side of a public road, for the purpose of conveying fuel oil; that the plaintiffs came along the highway with their threshing outfit, with the intention of entering a field on the south side of the road to do some threshing; that the only entrance to the field was a passageway through a gap in the fence on the south side of the highway; that the pipe-line was entirely concealed from view by a rank growth of weeds; that plaintiffs did not know of its presence or the character of its contents; and that when their engine crossed the pipe the oil gushed out, caught fire, and destroyed the engine and threshing machine.

From the testimony introduced, it appears that the pipe-line is at the extreme south edge of the highway, near to the fence and about twenty-five feet from the center of the road; that there is a ditch between it and the roadway; and that at the place where the pipe crossed the passageway into the field the pipe was partially visible through the dirt.  Before attempting to enter the field, one of the plaintiffs went ahead and inspected the ditch to ascertain whether the machine could be taken across it.  He then started his engine across the ditch and over the pipe without putting anything down to protect it, the wheel of the engine punched a hole in the pipe, and the oil gushing out was ignited from the fire box.  Although one witness said that plaintiff's attention was called to the pipe, the latter testified that he did not see or know that the pipe was there, and that no one told him about it.

Plaintiffs insist that there was sufficient evidence presented to take the case to the jury, and that is the only question presented on this appeal. As against this contention, it is argued that the evidence failed to show that the defendant owned or was in control of the pipe line. The line was used to convey oil from the defendant's station to the Coffeyville brick plant. In his testimony the foreman of that plant stated that the pipe-line "belonged to the Union Traction Company, and it was the same line that was broken when the threshing outfit was burned." Another witness, in effect, stated that the oil was pumped to the Coffeyville brick plant; that the pump was located on the switch of the Union Traction Company; and that the oil was taken to the defendant's pump station in tank cars which were operated by the defendant. Still another witness testified that after the fire the company put in a joint of pipe where it was broken, and buried it. The evidence warrants the inference that the defendant owned, or at least controlled, the pipe line.

There is a contention that the evidence failed to show negligence on the part of the defendant. It is true, as defendant contends, that a pipe line for the transportation and distribution of oil for fuel and other purposes may lawfully be laid along a public highway. However, it must be so laid that it will not obstruct or endanger the use of the highway for public travel. (*The State v. Natural-gas Co.*, 71 Kan. 508, 80 Pac. 962.) Plaintiffs were likewise entitled to take their threshing outfit over the highway and, in order to enter the gap or gateway into the field where the threshing was to be done, had the right to use not only the worn part of the highway but the whole width of it. As oil·is of an inflammable nature, ·great care should be exercised in transporting it along a highway. It should be such care as is commensurate with the dangerous nature of the material and the consequences that should have been apprehended from the means employed in carrying it over the·highway. (*Hashman v. Gas Co.*, 83 Kan. 328, 111 Pac. 468.; *Luengene·v. Power Co.*, 86 Kan. 866, 122 Pac. 1032.) Pipes carrying such material are usually and easily buried in the ground, and the right to lay such pipes on the surface of a·highway is questioned. It has been held, however, that if pipes are laid on the surface the party who maintains them be-

comes liable for all damages occasioned by placing them there, although such damages would not have been occasioned by the pipes if they had been buried in the ground. (*The Lebanon Light, Heat and Power Company et al. v. Leap*, 139 Ind. 443; Thornton on the Law Relating to Oil and Gas, 2d ed., § 510.) In *Indiana, etc.; Gas Co. v. McMath*, 26 Ind. App. 154, it was held that the maintenance of a gas pipe, through which gas is flowing, on the surface of the ground within the limits of a public highway renders the owner liable for damages to one who without his fault breaks the pipe by driving a traction engine over it and is injured by an explosion of the escaping gas.

It is further contended that the plaintiffs were guilty of contributory negligence in driving over the pipe line when it was in plain view. One witness stated that it was actually brought to the attention of one of the plaintiffs. It appears that the pipe line was lying on the surface of the road and was partially visible through the dirt and was about the color of dirt. While a witness stated that when one of the plaintiffs got down and examined the ditch to determine whether he could take the engine across his attention was called to the pipe line, the latter testified that he heard no such remark and did not have any knowledge that the pipe was there until it was broken and the oil was thrown upon the machine. In the first petition which plaintiffs filed, their attorney, it appears, inserted in it an allegation to the effect that a portion of the pipe was visible, that plaintiffs did not know it contained oil of an inflammable nature, but supposed it was an old discarded gas pipe. The plaintiff testified that he did not know that the allegation was included in the petition and did not in fact see the pipe or know of its existence, and that when his testimony was given on that trial his attorney asked and obtained leave to amend the petition by striking out this allegation. If this averment should be treated as a conflict in the testimony of plaintiff, it must nevertheless be held that it was within the province of the jury to decide that conflict. On the demurrer to the evidence that part of his testimony which was favorable to plaintiffs must be taken as true, and, although other testimony given by him or in his behalf may contradict that which is favorable to plaintiffs, it is the function of the jury and not of the court to de-

termine which is credible and controlling. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531.)

Measuring the, testimony as we are required to do on a demurrer to the evidence, it must be held that the issues in the case should have been submitted to the jury, and therefore the judgment is reversed and the cause remanded for another trial.