No. 21,685.

JOHN A. CARLSON, *Appellee*, v. THE MID-CONTINENT DEVELOP-
MENT COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. NUISANCE—*Pipe Line in Highway—Line in Hands of Receiver—In-
juries—Liability of Defendant Company.* A gas company built its
pipe line in a highway more than twelve inches above the ground, in
such a way as to constitute a nuisance, and by reason of the defective
construction a horse driven by the plaintiff caught his feet under the
pipe and in struggling to extricate himself overturned the buggy,
throwing the plaintiff out and injuring him. The pipe line and other
property of the defendant passed into the hands of a receiver after
the line was built and was in his possession when the injury was sus-
tained by plaintiff, but had been restored to the company before the
trial of the action begun by plaintiff against the company to recover
damages for the injury. *Held,* that the company having negligently
created the nuisance which caused the injury, it is liable although the
pipe line was in the control of the receiver when plaintiff suffered the
injury.

2. SAME—*Pipe Line in Highway—Liability for Injuries without Proof of
Negligence.* The building of such a structure was not only negligence,
but it was a wrong which rendered the party creating it liable with-
out proof of negligence, and the' fact that the court in its instructions
placed the burden upon the plaintiff of proving negligence did not ma-
terially prejudice the defendant.

3. SAME—*Evidence Pipe Line Buried after Accident.* The admission
of testimony that the receiver moved and buried the pipe line after the
accident did not, under the circumstances, constitute prejudicial error.

4. SAME—*Evidence—Rulings of Court.* The refusal of the court to
strike out the testimony of a witness upon the alleged grounds that it
was contrary to all of the evidence on the question and untrue, is not
error.

Appeal from Wyandotte district court, division No. 1; ED-
WARD L. FISCHER, judge. Opinion filed July 6, 1918. Affirmed.

*William G. Holt,* and *James K. Cubbison,* both of Kansas
City, for the appellant.

*W. W. McCanles, Charles E. Thompson,* and *H. F. Gorsuch,*
all of Kansas City, for the appellee.

The opinion of the court was delivered by ·

JOHNSTON, C. J.: In an action to recover for personal injuries, the plaintiff obtained a judgment against the defendant for $3,000 on account of negligence in constructing and maintaining defendant's gas pipe upon a public highway. It was alleged that the defendant, which owned and operated a pipe line for conducting gas from its wells to consumers, constructed and maintained a pipe line on and along a public highway about two feet above the ground and in such a way as to constitute a nuisance, and that while plaintiff was driving along the highway, observing due care, his horse's feet were caught under the pipe, throwing down the horse, upsetting the buggy, and throwing plaintiff against a barbed-wire fence, seriously injuring him. Defendant answered with a denial, a charge of contributory negligence, and an averment that the property, assets, and control of the business of the defendant were in the hands of a receiver when the accident occurred, and that, therefore, it was not liable for the injury. It was shown in the evidence that the road along which the pipe was laid was partly surfaced with macadam, and at the place where plaintiff was injured it was slanting and slippery by reason of a recent rain. The gas pipe mentioned was near the edge of the macadam surface and from a foot to sixteen inches above the ground. Just as the plaintiff drove past a steam roller which was standing on the other side of the road and partly upon the macadam portion the horse slipped, his feet going under the gas pipe, and in a plunging effort to extricate himself and get on his feet the buggy was overturned, throwing plaintiff against the barbed-wire fence and causing the injury for which the recovery was sought. There was a conflict in the evidence as to how the horse and buggy came to slide down to the pipe, and as to whether the horse first became frightened at the steam roller near by; but it is reasonably clear that the horse slipped under the gas pipe, with the result that plaintiff was thrown out and injured.

One of the contentions on this appeal is that the defendant cannot be held responsible for the injury, because the pipe line was under the control of a receiver when the accident occurred.

After the pipe line was constructed, and on August 15, 1911, the property of the company passed into the hands of a receiver and was in his possession on May 20, 1915, when the accident occurred. It appears that on April 24, 1915, about two years before the trial herein, an order was made discharging the receiver and providing that the possession of the property should be restored to the company within five days after the order was made. Although no direct evidence of the surrender of possession to the company is found, the presumption is that the receiver performed his duty and restored the possession to the defendant as directed. As the company negligently created a nuisance on the highway which caused the injury of the plaintiff, while the line and the business of the company was in the control of the defendant, it is liable for the injury to the plaintiff regardless of the liability of the receiver for wrongfully maintaining the line in that condition. The company cannot escape liability for its wrong because the receiver may be liable, or because he happened to be in control of the pipe line when the injury was sustained. (29 Cyc. 1201.) Defendant says the case was tried on the theory of negligence, and not that the wrong constituted a nuisance. It was alleged in plaintiff's petition that the defendant negligently created a nuisance. The testimony showed that the structure built by the defendant was a nuisance, and the court in its instructions recited the facts upon which the plaintiff relied for a recovery, and these facts amounted to a nuisance. The court did define the rules of negligence, and there was negligence in the act of the defendant. The building of such a structure was not only negligence, but it was a wrong which rendered the one creating it liable without proof of negligence. (20 R. C. L. 381; 29 Cyc. 1201.) The requirement that plaintiff should prove negligence placed an unwarranted burden upon him, but it is not one which prejudiced the defendant. This is sufficient to sustain the ruling of which complaint is made, but it may be added that it has been held that a railway company is liable for an injury that occurs while the property is in the hands of a receiver or trustee. (*K. P. Rly. Co. v. Wood*, 24 Kan. 619; *Union Trust Company v. Cuppy*, 26 Kan. 754.)

Objection was made to testimony that the pipe line was moved and buried after the accident. As the precaution for

safety was taken by the receiver, and not by the company, it may well be doubted whether the testimony was admissible. However, the defect in the construction of the line was so obvious and the responsibility of the defendant so clearly shown that no prejudice could have resulted from the admission of the testimony.

Nor was there any error in the ruling refusing to strike out the testimony of Doctor Gordon. His description of the place where the accident occurred conflicted with that of other witnesses, so that defendant insists that he must have been speaking of another place than the one where the accident occurred. While that may have impaired the credibility of the witness and the weight of his testimony, it did not affect its competency. Although questioned, the testimony tended to show that the exposed pipe was the proximate cause of the injury. We cannot uphold the contention that the amount of the verdict indicates prejudice and passion on the part of the jury.

The judgment is affirmed.