## Mullins v. United Carbon Co.

Feb. 27, 1940.

R. Monroe Fields, Judge.

112

E. J. Picklesimer for appellant.

Harman, Francis & Hobson for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appellee is the holder of an oil and gas lease on a tract of land on Coal Hollow, a small stream or drain at the edge of Pikeville. Banner Mullins, for six years or more, had lived on the side of a passway in a small house rented from the owner of the land. There were other tenant houses along the way. The Company laid a three inch gas pipe line on the surface of this road-way within a foot of the steps to Mullins' porch. The road was narrow. The Company had piled some pipe on it above his house and in order for Mullins to turn his automobile around he had to back or run it up in his yard into the hill and make a "Y" turn. The pipe line was laid across this entrance about a week before the

accident out of which this lawsuit arose. The Company's trucks, and other cars, were turned around at the same place and in the same way. As we understand there was no use of the passway above Mullins' house except to haul material to a gas well, and he left his automobile in the road at night. On the morning of April 17, 1936, as Mullins was backing his car over the pipe line it broke at a coupling and enveloped him in a vast volume of gas. He sued the Company for damages for personal injuries sustained from having inhaled gas. At the conclusion of the presentation of his evidence the court directed a verdict for the defendant. Mullins appeals.

The appellee undertakes to justify the court's ruling with the argument that there was no negligence in laying the pipe line or in the selection of its material. However, it is argued, if it should be regarded otherwise, then it must be held that the backing of the automobile over the line was the proximate cause of the break and consequent injury, if any. It is also urged that there was no competent evidence to connect plaintiff's disability with his exposure to the gas.

The appellee pleaded—and it is undenied—that its lease contained a clause permitting it to lay pipe lines any where on the surface of the land, which included this passway and the property occupied by Mullins. That contract right is no defense to an action for negligence resulting in damage to the plaintiff. Aside from the familiar law that one cannot by contract avoid liability for negligence, the plaintiff was not a party to the contract. Therefore, the plea should have been stricken from the answer. French v. Gardeners & Farmers Market Co., 275 Ky. 660, 122 S. W. (2d) 487.

The general law relating to negligence in laying a pipe line is thus comprehensively stated in Willis' Thornton on Oil and Gas, Section 1173:

> "The improper laying of a gas line, such as not properly supporting it in loose and shifting soil, is an act of negligence, and if for that reason it breaks and an explosion caused by leakage inflicts injury to one not contributorily negligent, liability attaches. In laying pipe lines the company is chargeable with notice of the tendency of the soil to sink

or subside leaving the pipes without proper support.''

The placing of such a pipe line on or slightly under the surface of a highway or other place used by the public may be negligence if it is so located or maintained that it could be reasonably anticipated that any one exercising due care may be injured thereby. **Willis'** Thornton on Oil and Gas, Section 1174.

In Carlson v. Mid-Continent Development Company, 103 Kan. 464, 173 P. 910, L. R. A. 1918F, 318, a gas pipe line was laid 12 inches above the ground upon a highway near the edge of macadam paving. A horse being driven by plaintiff slipped and his feet went under the pipe line. In plunging to extricate himself the buggy was overturned and plaintiff was injured. The court held that the building of the line in that manner and at that place was not only negligence, but was a nuisance which rendered the defendant liable without proof of negligence.

In McWilliams v. Kentucky Heating Company, 166 Ky. 26, 179 S. W. 24, L. R. A. 1916A, 1224, a gas pipe line had been buried in a highway about 12 inches below the surface on the side of the road, which was not paved or usually traveled. The line was punctured by spikes of a road roller equipped as a scarifier and escaping gas became ignited and burned the operator of the machine. We held the company to be liable for negligence. The reasons, also pertinent to the case at bar, need not be repeated.

In this case the defendant knew plaintiff had the right to drive into his yard and knew that he and others were in the habit of doing so. They were compelled to do this by obstruction of the only other nearby place in which to turn a car. Yet it placed this insecure pipe line, containing a dangerous substance, across his right of way without support. We think the plaintiff made out a case of unquestionable negligence.

The defendant is chargeable with having anticipated that injury would be the natural and probable consequence of such a dangerous condition. Hence it cannot escape liability on the theory that the use by the plaintiff of his driveway was the proximate cause. The same argument was made by the gas company in the

McWilliams case, supra, and for the reasons stated it was held to be unsound.

While the evidence as to the plaintiff's disabilities having been caused by the inhalation of gas is not very satisfactory, yet we think it was sufficient to have taken the case to the jury on that issue.

Wherefore the judgment is reversed and case remanded for consistent proceedings.