LOTTINGER, Judge.
This is a suit for damages when a truck owned by defendant ran into arid damaged a sign belonging to the petitioner. The lower court rendered judgment in favor oí defendant, and petitioner has taken this appeal.
Petitioner owns' tourist courts in the City of New Iberia. These courts are on the south side of East Main Street, or U. S. Highway 90. The damage to the sign was inflicted on the night of January 18, 1948, under the following conditions. Defendant’s truck was traveling east on U. S. 90. Upon nearing petitioner’s courts, the lights on defendant’s truck went out. The driver immediately pulled on his right, or south, shoulder in front of petitioner’s courts and stopped the truck. The truck was a five ton Mack, with trailer and float. This float has a flat bed-which is about five feet above the ground. The cargo consisted of a set of steps of -the type generally used on oil field drilling rigs for access to .and from the drilling platform. ■■ The steps were equipped with guard, or hand, rails. They lay flat on the bed of the truck lengthwise so that the hand rails projected up, and extended above the top of the truck’s cab.
As the truck was driven onto the shoulder of the road, one of the hand rails came into contact with the lower portion of petitioner’s electric sign. This portion consisted of a neon tube which descended from the main part of the sign towards the supporting post, through which arrows would seem to flow when the sign was in operation. The general effect of this arrangement was to attract attention to petitioner’s court. The post from which the sign was suspended was some six feet within the highway.right of way. The sign was suspended from the post toward the center of the highway.
The impact broke the glass tubing on the lower portion of the sign. As a result of the impact and high winds later that night, the sign, in swinging, tore loose from the post and dropped to the ground. The lower court found no negligence on the part of the defendant or its driver, a.nd found the proximate cause of the damage to be the negligence of petitioner in hanging his sign on the highway right of way. From judgment in favor of defendant, the petitioner appeals.
There is some dispute as to whether the sign was lighted at the time of the accident. The truck driver stated definitely that it was not. Petitioner, on the other hand, stated that he thought-it was, however, he was not sure. At the time of the accident, petitioner was putting out the lights in the office of his courts. The truck driver further stated 'that he saw the, main portion, or body, of the sign prior to his pulling off onto the shoulder, but that he did not see the neon tubing which protruded below the main portion of the sign. He stated that he definitely had enough clearance to go below the main portion of the sign, and that the neon lights, or arrows, was the portion of the sign which was struck by the railing. Had .the .neon lights , been on, the truck driver certainly would have observed them. We therefore, believe, that the sign was not lighted at the time of the impact.
The major controversy is to' the height of the lower- part of' the sign from the highway. Petitioner testified, mostly via sur- • mises and guesses, that the lower portion of the sign was not lower than 16 feet above' the ground. The driver of the truck, ■on the other hand, testified that the height of his load was 11 feet from ground level. His figure was reached by his estimate of the height of the bed of the truck, 5 to 6 feet, and the height of the railing from the 'bed o-f the truck, S or 6 feet. The truck driver, further testified that after the impact, he attempted to fix the broken part of the sign by. standing on the bed of the truck. His height was five feet eight inches. Had *278 the height of the lower part of the sign from ground level been 16 feet, as was testified by petitioner, the truck driver would have had to have a reach of some five feet in order to reach the sign from the truck bed. Mr. Darby, a disinterested witness, substantiated the truck driver’s estimate of the height of his load at about eleven feet.
 Act 4 of 1942, Section 53(e), as amended by Act 6 of the Extraordinary Session of 1942, LSA-R.S. 48:345, provides :
“(e) No signs, signals, or other devices may be placed upon nor operated and maintained on State highways by any private individual or corporation nor 'by any agency, institution or organization other than by the Department of Highways. The Department of Highways shall erect and maintain all signs necessary for informing, directing, cautioning and warning the traveling public. Provided, that signs erected and maintained by railways, as required by law, are not hereby prohibited.
“Provided that nothing herein shall prohibit corporate municipalities from erecting, installing and maintaining, within their respective corporate limits, traffic signals, street signs or other signs required for the enforcement of their police powers unless such municipalities shall have entered into contracts with the Department of Highways otherwise defining such powers with respect to signs and signals.”
Although the collision occurred within the City of New Iberia, nonetheless, the above quoted statute applies. There is no question but that U. S. Highway 90 is part of the Louisiana Highway System. The second paragraph of the quoted section indicates that the statute prevails to all Louisiana highways whether located within or without municipalities. It is, therefore, our opinion that the sign was unlawfully situated on the highway right of way.
Plaintiff has cited the case of Culpepper v. Leonard Truck Lines, Inc., 208 La. 1084, 24 So.2d 148, wherein a truck struck a fire escape located on the rear of the Arlington Hotel in Shreveport. The lessee of the hotel sued the owner of the truck for the damage caused the fire escape. The court held the truck owner negligent and rendered judgment in favor of petitioner in the amount of the damage. Two factors in that case are entirely different from the instant case. In the Culpepper case, the fire escape was situated over an alley way, not a state highway as is the case here. Furthermore, the damage in the Culpepper case was caused in broad daylight, whereas, the damage here was caused on a stormy night. The negligence in the Culpepper case was founded on the rule that the truck driver should have seen the large fire escape in his path.
Plaintiff claims that the defendant driver was negligent in not having seen the sign. The driver admitted seeing the main portion of the sign and correctly judged that he had sufficient clearance to pass under the main portion. However, the driver denied seeing the neon tubing extending downward from the sign. These tubes are made of glassware and are not readily seen, especially at night time. We do not believe that the truck driver was neg-, ligent in not seeing an object such as the neon tubing.
A case very similar to the present one is Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1. In that case, defendant’s employee negligently killed a yearling and left the body on the highway. Petitioner later struck the body and it caused damage to the automobile of petitioner. The damage was at night, and the coloring of the body was similar to that of the highway. Petitioner failed to see the body in time to avoid hitting it even though his headlights were properly functioning. The Supreme Court there held defendant negligent and exonerated petitioner from negligence. Although there was one dissenting opinion, this case has been cited on numerous occasions for its holding. We believe the instant case to be even stronger than the Kirk case.
In the instant case, the driver of the truck was faced with a sudden emergency. While driving along an important and much travelled highway, his headlights, which had theretofore been properly functioning, *279 suddenly went out. Traffic was heavy at the time, and the driver did what any prudent driver would have done under the circumstances — he pulled off onto his right shoulder. He saw the main portion of the sign, which was of such height as to allow clearance of the truck. We do not believe that he can be held negligent for his failure to see the neon tubing which was not lighted at the time. Numerous cases have exonerated drivers from negligence in their failure to see small objects which are not readily apparent. Among them are Swayze v. Tri-State Utilities Company, Inc., 1 La.App. 752; Moncrief v. Ober, 3 La.App. 660; and Raphael Brothers v. Cerophyl Laboratories, Inc., 211 La. 354, 30 So.2d 116.
We do not believe that the defendant driver was guilty of any negligence. Because of the reasons given, the judgment of the lower court will 'be affirmed.
Judgment affirmed.