UNITED FUEL GAS COMPANY, a Corporation, Appellant,

v.

J. U. THACKER et al., Appellees.

Court of Appeals of Kentucky.

Nov. 29, 1963.

Hobson & Stephens, Baird & Hays, Pikeville, C. E. Goodwin, H. Raymond Andrews, Jr., Charleston, W. Va., for appellant.

L. D. May, Pikeville, for appellees.

CLAY, Commissioner.

Appellees, the plaintiffs below, recovered an $81,000 judgment against the appellant defendant for personal injuries and property damage resulting from the alleged negligence of defendant in the construction of a gas pipeline. Defendant's only contention on appeal is that it was entitled to a directed verdict.

There is little dispute about the facts. Defendant owned a 6 inch natural gas pipeline which crossed plaintiffs' property. When plaintiffs began construction of a building thereon they requested defendant to move its pipeline. This the defendant did, with both parties sharing the cost.

The work was begun and completed in the summer of 1957. The pipe was laid several feet below the ground floor level, traversed the front of the building (between it and a highway), turned at a corner there-

of, and ran along its side. Near the building, in front, a shelf of rock was encountered. The pipe was laid on this rock, and about two feet beyond its edge a miter joint was made. From thence it angled downward and around the corner of the building.

When defendant had finished its work of relaying the pipe, for several feet beyond the joint a portion of it projected in the air without any support. Thereafter plaintiffs made a fill of loose dirt over it between the building and the highway. Defendant knew plaintiffs intended to make this fill.

About a year later the fill settled and the basement wall bowed inward. Plaintiffs reinforced the wall and added additional earth to level the fill. About that time plaintiffs also built a concrete slab porch which apparently extended over the pipe where the joint had been welded. Two years later, in September 1960, the earth in the fill shifted, the pipe broke at the joint and a fire resulted which caused plaintiffs' damages.

The actual cause of this break appears obvious, and the expert witnesses for both plaintiffs and defendant substantially agree about it. The weight of the fill (including the porch) combined with the shifting of the earth to exert downward and torsional pressure on the pipe where it extended beyond the joint and made an L turn around the corner of the building. The fulcrum of the lever was the edge of the solid rock, and the weld at the joint could not stand the strain.

There was no evidence of a defect in the pipe or in the weld, or in the directional method of laying it. The only evidence of negligence was the failure of defendant to provide adequate support under and for several feet beyond the welded joint. As we have noted, defendant left the pipe partially suspended in mid-air at that point and the only support it subsequently acquired was the loose earth which settled under it when plaintiffs made the fill.

Defendant cites some weary principles of law to the effect that negligence will not be presumed, and where evidence is as equally consistent with the existence of negligence as with non-negligence, the plaintiff has failed to make a case. See Johnson v. Mobile & O. R. Co., 178 Ky. 108, 198 S.W. 538; McAtee v. Holland Furnace Co., Ky., 252 S.W.2d 427. These principles are not helpful. In both of the cases cited the speculative question was what agency, act or condition was the *actual cause* of the accident, as distinguished from the question of whether negligence played a part in the chain of causation. (Confusion may often be avoided by limiting the concept of cause to the interaction of natural forces. In this sense, negligence does not cause accidents. Negligence creates the conditions out of which they arise.) Here the actual cause of the breaking of the pipe was established.

Our problem involves the first link in the chain of causation. The basic issue is whether defendant negligently created the condition that ultimately resulted in the accident. More specifically, it is whether a jury could draw a reasonable inference of negligence from the fact that the defendant failed when it laid the new pipeline to provide adequate support beyond the rock ledge. See Taylor-Green Gas Co. v. Newcomb, 302 Ky. 564, 195 S.W.2d 307. That inadequate support in certain situations may be the result of negligence seems clear. As stated in Willis-Thornton Oil and Gas, Vol. 3, section 1173 (page 1591):

"The improper laying of a gas line, such as not properly supporting it in loose and shifting soil, is an act of negligence, and if for that reason it breaks and an explosion caused by leakage inflicts injury to one not contributorily negligent, liability attaches. In laying pipe lines the company is chargeable with notice of the tendency of the soil

to sink or subside leaving the pipes without proper support."

█ Further refining the issue, the question is whether defendant *could reasonably foresee* that the failure to provide adequate support would result in the development of a hazardous condition when a deep fill was made over the pipe. It is evident defendant knew plaintiffs would make a substantial fill, and could anticipate that part of it would inevitably extend over the pipe at the corner of the building where it made an L turn. Also a normal settling and even shifting of the loose earth could be expected. While defendant was not aware that plaintiffs intended to build a concrete porch which would extend over the pipeline, it does not appear the addition of this porch was either an unusual event or constituted such a material change of condition as to have caused the break independently of the other factors involved.

Mullins v. United Carbon Co., 282 Ky. 111, 137 S.W.2d 1089, is pertinent here. Defendant laid a 3 inch gas pipeline on the surface of a roadway. When the plaintiff ran over it in his automobile a coupling broke and he suffered injury from the escaping gas. It was held that the jury could properly find the defendant negligent in creating the dangerous condition which it could reasonably anticipate would cause an injury of the kind sustained.

Even more directly in point is McWilliams v. Kentucky Heating Co., 166 Ky. 26, 179 S.W. 24, L.R.A.1916A, 1224. There the defendant had laid an 8 inch gas pipe in the ditch along a country road at an average depth of one or two feet. Many years later the pipe was punctured by spikes on a steamroller, causing injury to the operator thereof. It was held the defendant had a duty to anticipate operations on the road of the kind which caused the accident, and even to anticipate changing conditions brought about by the use of modern road building equipment.

█ In the light of the last two cited cases, we cannot say as a matter of law that the injurious event which occurred in this case could not have reasonably been foreseen by defendant as a natural and probable consequence of the failure to solidly secure this pipe at a point where it would be subjected to a severe strain. Therefore, the issue of negligence was one for the jury to determine.

█ Defendant further contends the acts of the plaintiffs constituted the immediate and proximate cause of the breaking of the pipe. Our earlier discussion effectively answers this argument, and it was very carefully considered in the McWilliams case (166 Ky. 26, 179 S.W. 24, L.R.A.1916A, 1224). As indicated by the cases cited in defendant's brief, an intervening cause which would insulate from liability the person creating a condition must be independent and unrelated to the original act. Here the plaintiffs' acts were complementary to and interrelated with the condition created by the defendant which ultimately developed into a hazardous situation. We take the following quotation from *defendant's* brief:

> "If the defendant's active force has come to rest, but in a dangerous position, creating a new or increasing an existing risk of loss, and the foreseen danger comes to pass, operating harmfully on the condition created by defendant and causing the risked loss, we say that the injury thereby created is a proximate consequence of the defendant's act. * * *."

"The Proximate Consequences of An Act", 33 Harv.L.Rev. 633, 650.

█ Since the acts of the plaintiffs are exactly what we have heretofore said the defendant may reasonably have foreseen, they formed a natural link in the chain of causation rather than an independent force.

■ It is finally contended for defendant that the plaintiffs were contributorily negligent. It is true the plaintiffs were aware of the condition of the pipeline before they made the fill over it. One of the plaintiffs had had some experience in gas well operations and perhaps he could have appreciated the danger of the unsupported pipeline. On the other hand, he may have had a right to assume defendant's experts had left the pipe in a safe condition to withstand the pressures of a fill. We cannot say as a matter of law that he was contributorily negligent, and the issue was properly submitted to the jury.

■ By cross-appeal plaintiffs contend the trial judge improperly deducted from the property damage item approximately $6,000 because a portion of plaintiffs' destroyed building was on the state's right of way. It is not clear how this question was injected into the case and it is very scantily briefed by plaintiffs. (Defendant failed to reply to this contention.)

Admittedly plaintiffs built this building. They had prima facie title to it. If part of it encroached upon the Commonwealth's right of way, the Commonwealth may have had a cause of action against the plaintiffs. A court of equity could possibly give the latter one of several kinds of relief. Or the Commonwealth could acquiesce in this encroachment (as apparently it had done). However, that controversy, if any, is between the plaintiffs and the Commonwealth. The defendant has no interest in it and is in no position to assert rights on behalf of the Commonwealth. The plaintiffs' ostensible ownership of this building entitled them to full recovery for its destruction. We believe the trial court erred in deducting this item of damages.

The judgment is affirmed on appeal and reversed on the cross-appeal, with directions to modify the judgment consistent with this opinion.