SAVOY, Judge.
This is a companion case to United States Fidelity and Guaranty Company v. L. L. Hathorn, et al., 261 So.2d 698 (La.App. 3 Cir. 1972), decided by this Court this date.
These suits for damages arose from the destruction of .plaintiff’s home, contents, and a pick-up truck by explosion and fire in the early afternoon on May 31, 1970. Central Louisiana Electric Company, hereafter referred to as Cleco, L. L. Hathorn, and his automobile liability insurer, State Farm Mutual Automobile Insurance Company, were named as defendants. State Farm Fire and Casualty Insurance Company, plaintiff’s insurer of his home and contents, intervened in the suit to recover the proceeds paid to plaintiff. A separate suit filed by the insurer of plaintiff’s truck, United States Fidelity Guaranty Company, to recover the proceeds paid to plaintiff when the truck was destroyed in the explosion and fire, was consolidated with this case for trial.
After a trial on the merits, judgment was entered against Cleco in favor of plaintiff in the sum of $25,436.00, representing the difference in the amount paid to plaintiff by State Farm Fire and Casualty Ins. Co. and the actual value of the house and contents. Judgment was further rendered against Cleco in favor of State Farm Fire in the amount of $38,912.50, representing the amount paid to plaintiff for the loss of the home and contents and additional living expenses paid. Judgment was also rendered against Cleco in favor of United States Fidelity Guaranty Company in the amount of $1,350.00 for the destroyed pickup truck. From these adverse judgments Cleco appealed suspensively, State Farm Fire and Dwayne Murphy appealed devolu-tively, and United States Fidelity Guaranty Company has filed a limited devolutive appeal.
The basic facts surrounding the accident are not in dispute. The accident occurred when an automobile owned by L. L. Hat-horn and being driven by his minor daughter, Billie Jean Hathorn, backed into a gas meter and regulator owned by Cleco. The meter supplied natural gas to plaintiff’s home located on Sibley Lake, several miles from the City of Natchitoches, Louisiana. As a result of the collision, the regulator portion of the gas meter was broken off, resulting in the release of gas under approximately 20 pounds of pressure into plaintiff’s unoccupied home causing an explosion and fire which completely destroyed the house, contents and a pick-up truck owned by plaintiff located a short distance away. Cleco has admitted in its brief that the release of the higher pressure gas (under ordinary circumstances the gas pressure entering the home was approximately 6 ounces) caused the explosion and fire.
Cleco has not set out a formal assignment of errors on this appeal, but, as we understand the arguments, it contends the trial judge erred in holding that the gas meter and regulator were located in a dangerous position and should have been protected by some kind of barrier. Cleco further contends that the placing of meter and regulator where located was not the proximate cause of the accident, and alternatively, if it was the proximate cause of the accident, the damages awarded were excessive and should be reduced.
A review of the testimony and exhibits introduced into evidence reveals that the Murphy home was located on the shore of Lake Sibley on a large lot. A rather long drive leads from the main road to the house. The drive was partially gravel leading up to the residence, and then continued past the residence in a less improved state. There was a gravel parking area located in the rear of the home, and also a smaller parking area located on the northwest side of the house. The gas meter and regulator *697 was located approximately 47 feet from the corner of the residence. There is some conflict as to the exact distance that the meter was located from the drive, but it appears that it was approximately nine feet from the edge of the drive with several trees situated around it. There were no trees between the drive and the meter.
Because of the highly inflammable and explosive nature of natural gas, those who handle and distribute it are charged with a duty to exercise a degree of care commensurate with its dangerous nature and to protect the public from any foreseeable injuries. See Raphael Brothers v. Cerophyl Laboratories, 211 La. 354, 30 So.2d 116 (1947), and Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395 (1963). However, a gas company is not the insurer of any mishap that occurs, and liability attaches only on due proof of a violation of the above duty. Geismar v. General Gas Corporation, 182 So.2d 769 (La.App. 1 Cir. 1966).
The foreseeability of damage to the meter and regulator is the basic question that this Court must decide.
Plaintiff contends that automobiles were parked in the vicinity of the gas meter, and that it was obvious that these automobiles would back toward the meter when turning around, and thus damage to the meter was foreseeable. This contention was adopted by the trial judge in his reasons for judgment. There is ample evidence in the record to support such a finding. The high standard of care that Cleco is charged with was not met in this case, and thus, Cleco is negligent.
Having found Cleco negligent, we now turn to the contention that such negligence was not the proximate cause of the accident. Cleco argues that it should be relieved of liability because of the intervening negligence of the driver of the automobile. In Dixie Drive It Yourself v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962), our Supreme Court rejected the contention that where an accident is caused by the combined negligence of two or more parties, only the last is liable. The Court said, “The doctrine of passive negligence . places undue emphasis on the chronology of the negligent acts and omissions.”
In the present case, the negligence of Cleco and of Miss Hathorn combined to bring about the accident. Cleco cannot escape liability on the grounds that its negligence was merely passive and was not the last negligent act in the chain of causation.
 Cleco has complained of an excessive award of damages for the value of the house. There is ample evidence in the record to support the finding of the trial judge fixing the value of the totally destroyed home at $42,936.00. Cleco also complains that this award is in excess of the amount plaintiff seeks in his suit by the amount of $2,936.00. Since no objection was made to the introduction of this testimony raising the value of the destroyed home, we believe that plaintiff’s pleadings were enlarged to this extent. See Kegley v. Grain Dealer Mutual Ins. Co., 207 So.2d 824 (La.App. 3 Cir. 1968).
For the reasons assigned, the judgment of the district court is affirmed at appellant’s, Central Louisiana Electric Company’s, costs.
Affirmed.