THE STATE OF KANSAS, *ex rel. C. C. Coleman, as Attorney-general*, v. THE KANSAS NATURAL-GAS, OIL, PIPE-LINE AND IMPROVEMENT COMPANY.

No. 14,305.    (80 Pac. 962.)

SYLLABUS BY THE COURT.

HIGHWAYS—*Use for Pipe-lines.* As against the state, a natural-gas company incorporated under the laws of Kansas for the purpose of transporting and distributing natural gas for fuel, light, and power, may bury its pipe-line in the public highway, where such use does not inconvenience, endanger or obstruct public travel.

Original proceeding in *quo warranto.* Opinion filed May 6, 1905.    Judgment for defendant.

*C. C. Coleman,* attorney-general, *Mayo Thomas, J. H. Dana, W. E. Ziegler,* and *Waggener, Doster & Orr,* for The State.

*John J. Jones, F. J. Fritch, H. C. Dooley, J. K. Cubbison, C. E. Benton, Lee & Mackey, S. H. Piper, Cornelius D. Scully,* and *M. E. Williams,* for defendant.

The opinion of the court was delivered by

GREENE, J.: This is an original proceeding in *quo warranto,* brought on the relation of the attorney-general against the Kansas Natural-gas, Oil, Pipeline and Improvement Company, a private corporation organized under the laws of Kansas for the transportation and distribution of gas for light, fuel, and power, to oust it from burying its pipe-lines in the public highway. The defendant bases its claim of right thus to occupy the public highway on permission obtained from the abutting fee-owners. The gas company has filed a motion to dismiss this proceeding for the reason that *quo warranto* will not lie, but, in our opinion, this contention cannot be sustained, and the motion is denied.

The right of the gas company to bury its pipes in the public highway for the transportation and distribution of gas depends largely upon the effect such use would have on the subsequent use of the highway as a thoroughfare for public travel. It may be said that the gas company could not, and did not, as against the state, obtain from the abutting fee-owners any right to use the public highway for any purpose. Its use belongs to the public and not to the owners of adjoining property. It is true that there are some privileges which such an owner may exercise for the betterment of the adjacent estate, but he has no power to transfer to another any right to occupy the highway for any purpose.

By the provisions of section 1 of chapter 128, Laws of 1901 (Gen. Stat. 1901, §1366), companies organized for the purpose of piping and distributing gas for light, fuel and power are given authority to exercise the right of eminent domain. The privilege thus conferred stamps them as *quasi*-public corporations. It was said in the case of *La Harpe v. Gas Co.*, 69 Kan. 97, 76 Pac. 448, that "the production and distribution of natural gas for light, fuel and power is a business of a public nature." Public highways are arteries of communication and of intertraffic in the commodities of the country. The means to accomplish these purposes change with the advance of civilization.

A public road, as a way of traffic and transportation, must, so far as possible, meet the demands of the people, and is subject to be used for such purposes by any means not destructive of its use as a public thoroughfare. When such ways first came into use the means of travel were on foot or on the backs of beasts; later, articles of traffic were transported by wheeled vehicles drawn by horses and oxen, and that is the general method employed to-day. It could not, however, be held that the highway could not be used for the transportation of passengers and for traffic by automobiles.

The contention of the state is that the use which the gas company is making of the highway is exceptional, and may be exercised only under a franchise from the state, mediately or immediately. We think this is an overstatement of the proposition. The use is not exceptional. The transportation of commodities on the highway is one of the uses for which it has always been maintained. The means, however, used by the gas company in the transportation of its gas are exceptional. A demand for this method has not heretofore existed in this state; but shall this fact alone deprive the defendant of the use of the highway for a usual and proper purpose, unless such use necessarily obstruct, seriously inconvenience or endanger public travel? In *McCann v. Telephone Co.*, 69 Kan. 210, 76 Pac. 870, 66 L. R. A. 171, it was held that the use of a rural highway by a telephone company was not an additional servitude for which the owner of the fee could recover compensation. Speaking of the general use of a highway, the court said:

"It is variously defined or held to be for passage, travel, traffic, transportation, transmission, and communication. . . . The use is not to be measured by the means employed by our ancestors, or by the conditions which existed when highways were first devised. The design of a highway is broad and elastic enough to include the newest and best facilities of travel and communication which the genius of man can invent and supply." (Page 213.)

The public highway is maintained for the transportation of the commodities of the country, and the means employed for such purpose need only be such as not to interfere with public travel to the extent hereinbefore stated. It is not shown that such privilege has been abused by the defendant in this case, nor is it claimed that the use by the gas company has or will incommode or obstruct public travel. Judgment for plaintiff is therefore denied.

All the Justices concurring.