No. 26,709.

The Empire Natural Gas Company, *Appellant*, v. Thomas Stone et al., *Appellees.*

SYLLABUS BY THE COURT.

1. Gas—*Rights of Company in Highways.* A public utility desiring to lay a pipe line for the transmission of natural gas may lay its pipe line in a public highway without compensating the person whose land has been taken for the highway.

2. Same—*Special Contract for Rates—Authority of Public Service Commission Over Change.* Where, before the passage of the public utilities law, a natural gas pipe-line company, in consideration of the right to lay a line in a public highway, contracts with the owner of the land along the highway to furnish him gas at a specified rate and that rate is put into effect, it cannot be changed without an order of the public service commission.

Appeal from Cowley district court; Oliver P. Fuller, judge. Opinion filed May 8, 1926. Affirmed.

*Robert D. Garver,* of Kansas City, Mo., for the appellant.
*Joseph O'Hare,* of Winfield, for the appellees.

The opinion of the court was delivered by

Marshall, J.: In this action the plaintiff seeks a declaratory judgment concerning the rate to be charged to the defendants for furnishing natural gas to them. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

The case was tried on an agreed statement of facts, which, summarized, showed the following: From July, 1908, continuously to

---

Gas, 28 C. J. pp. 553 n. 84, 577 n. 24.

the present time, the defendants have been the owners of eighty acres of land in Cowley county. During all that time, there has been a public highway running along the west side of the eighty acres. The Wichita Natural Gas Company, by a written contract with the defendants, obtained their consent to the company's laying a natural gas pipe line in the highway along the west side of the land of the defendants and paid them ten cents a rod for the right to lay the pipe line in the public highway on the land, the fee to which was in the defendants. The contract contained the provision that the defendants were "to have privilege of using gas at rate of twenty-seven cents net." The Wichita Natural Gas Company subsequently assigned its rights to the plaintiff. From the time the contract was made until in April, 1924, the plaintiff or its predecessor, the Wichita Natural Gas Company, continuously furnished gas to the defendants at the rate of twenty-seven cents per thousand cubic feet, when the plaintiff refused to further furnish gas at that price, and this action was commenced.

1. The plaintiff contends that the contract was without consideration because the Wichita Natural Gas Company had the right to lay its pipe line in the public highway without the consent of the defendants, and for that reason the contract was without consideration and is unenforceable. The defendants contend that the contract was a compromise and settlement of a controversy which existed between them and the Wichita Natural Gas Company at the time the contract was made; that by reason of the plaintiff's fulfilling the terms of that contract, it is now estopped from denying its existence and the obligation of the plaintiff thereon; that the plaintiff and the defendants have construed the contract as one binding on both parties to this action; that there was a valid consideration for the contract in that the Wichita Natural Gas Company by the contract obtained the unquestioned right to lay its pipe lines in the public road; and that twenty-seven cents per thousand cubic feet is a reasonable rate. The plaintiff cites *McCann v. Telephone Co.,* 69 Kan. 210, 76 Pac. 870, and *State v. Natural Gas Co.,* 71 Kan. 508, 80 Pac. 962. In *McCann v. Telephone Co.,* this court said:

"The construction and maintenance of a telephone line upon a rural highway is not an additional servitude for which compensation must be made to the owner of the land over which the highway is laid."

In *State v. Natural Gas Co.,* 71 Kan. 508, 80 Pac. 962, the court declared that:

"As against the state, a natural gas company incorporated under the laws of Kansas for the purpose of transporting and distributing natural gas for fuel, light and power, may bury its pipe line in the public highway, where such use does not inconvenience, endanger or obstruct public travel."

These cases were decided in 1904 and 1905. They established the legal right of the Wichita Natural Gas Company to lay its pipe line in the public highway without the consent of the defendants. However, the right of the Wichita Natural Gas Company to lay its pipe line in the public road might have been disputed by the defendants to the extent of compelling litigation for the purpose of determining the matter. By the contract, the company obtained the consent of the defendants to lay the pipe line in the public highway without dispute or contention. It is not necessary to determine whether or not that furnished a sufficient consideration for the contract.

2. The defendants contend that the rate of twenty-seven cents a thousand cubic feet was in effect at the time the public utilities law was enacted and by that law became the legal rate. Section 66-130 of the Revised Statutes reads:

"Unless the commission shall otherwise order, it shall be unlawful for any common carrier or public utility governed by the provisions of this act within this state to demand, collect or receive a greater compensation for any service than the charge fixed on the lowest schedule of rates for the same services on the first day of January, 1911."

The rate in controversy in this action was in effect under the contract when the public utilities law was enacted. By that law, that rate became the legal rate, and it cannot be changed without the consent of the public service commission. No order of the public utility rate-regulating body of this state has been made concerning the rate to the defendants or to persons similarly situated. A somewhat similar case just decided is *Empire Natural Gas Co. v. Thorp,* ante, p. 116. What was there said concerning the right of the plaintiff to change the rate to the defendant in that case applies with equal force in the present action and need not be here repeated. The plaintiff cannot, without an order from the public service commission, change the rate charged for natural gas furnished to the defendants.

It is unnecessary to discuss the other matters urged by the defendants.

The judgment is affirmed.