## ROBINSON OIL CORPORATION v. DAVIS.

No. 24774. April 16, 1935.

Reynolds & Ridings and C. A. Summers, for plaintiff in error.

J. H. Kennedy and Cannon McMahan, for defendant in error.

PER CURIAM. This was an action brought in the district court of Muskogee county, by Nila Davis, as plaintiff, defendant in error in this court, against the Robinson Oil Corporation, as defendant, plaintiff in error in this court. The parties will

be referred to as they appeared in the trial court.

Plaintiff's cause of action is based upon the alleged negligence of the defendant in leaving a pipe line ditch across a highway unfilled, thereby wrecking the car in which plaintiff was riding and inflicting injuries upon her.

The evidence introduced in behalf of the plaintiff showed that she was a woman 21 years of age; that on or about the 17th day of January, 1932, she was driving with her husband on highway 62 near Boynton, Okla., and proceeding along said highway at a speed of 25 or 30 miles per hour. That said automobile came in contact with a ditch which had been dug across said highway, causing said automobile to upset, throwing the plaintiff under the car, bruising her and driving a portion of the steering gear into her ankle and foot; that as a result of said accident it was necessary for her to have immediate medical attention; that she was confined to her bed for about two weeks and used crutches for a number of weeks thereafter; that said ditch across said highway had been dug by the Francis Corporation for the laying of a four-inch gas pipe line; that said ditch had been permitted by the defendant to settle, causing a deep depression in the paved highway, making the same unsafe for travel, and that said ditch was the direct cause of said accident. The Francis Corporation was not a party defendant.

The evidence further disclosed that after the Francis Corporation had installed said line, the defendant Robinson Oil Corporation had purchased said line and was using it at the time of the accident and had been so using it for about a year previous thereto.

Plaintiff's evidence further disclosed that she had suffered great pain, had had to have the attention of a physician; she claimed that she was permanently injured and that she was still suffering as a result of said injuries at the time of the trial in November of 1932. Her physician, Dr. J. R. Graves, whose competency was admitted by the defendant, testified that he had cared for the injured foot; that at first her condition looked bad; that she made several trips to his office; that there was a deep cut or bruise on the foot; that the muscles of the leg and foot were swollen, but that there were no broken bones; that he could not tell whether it was a permanent injury or not, except that the scar would be permanent.

The defendant's answer was a general de-nial and a plea of contributory negligence on the part of the plaintiff and the plaintiff's husband. The cause was tried to a jury and resulted in a verdict of $1,700 for the plaintiff. Motion for new trial was denied and the case was brought here for review.

To reverse this case the plaintiff in error submits four propositions, which are as follows:

"(1) The uncontradicted evidence of witnesses on the part of the plaintiff, as well as the defendant, disclosed that the defendant did not dig the pipe line ditch, or do any negligent, illegal or unauthorized act in connection therewith, which in any manner contributed to plaintiff's injury.

"(a) The ditch was dug and the pipe line laid across the highway by the Francis Corporation, as it was by law permitted to do. Section 11517, O. S. 1931.

"(b) It was the duty of the county to repair and maintain the highway. Section 10144, O. S. 1931.

"(2) There was an abuse of discretion on the part of the court in refusing to permit the jury to view the scene of the accident, and there was misconduct on the part of the jury in the manner of arriving at the amount of its verdict.

"(3) The verdict is so excessive that it could not have been given otherwise than under the influence of passion and prejudice.

"(4) A verdict may not stand where it is shown by the undisputed physical facts or by contradictions and inconsistencies to be clearly false."

As to the first proposition, the undisputed evidence shows that the defendant did not lay said pipe line across said highway, but that it owned and operated it at the time of the accident. The trial court gave the following instruction:

"You are instructed that it is the duty of the owner or user of a pipe line ditch across a road or public thoroughfare to keep it in such condition that it will not be a menace to the safety of persons using said road or thoroughfare, and if you find that the defendant was using said ditch to carry a pipe line across the road in question and allowed same to sink in or become in a dangerous condition so as to endanger persons traveling thereon by automobile and you further believe that the plaintiff was injured by reason of such condition of said ditch as a direct and proximate cause thereof, and without negligence on the part of the plaintiff, then your verdict should be for the plaintiff in such amount as you may find that she is entitled to under the evidence."

The question involved under the first proposition is whether or not it is the duty of a company owning and operating a pipe line under a highway to maintain it in such condition that it is not dangerous to the traveling public. Any negligence in laying the pipe line could not be attributed to the defendant in this case, as this was laid before it acquired the line. The sole question under this proposition is whether or not a duty rests upon it to maintain it in a safe condition, or whether that duty rests solely upon the board of county commissioners.

The defendant takes the position that, because this pipe line was not installed by the defendant in this case, no responsibility can attach to the defendant; that having acquired it after its installation, it had no duty in connection therewith; that the sole duty to maintain the highway over said pipe line rested upon the county commissioners. With this we cannot agree.

Under section 10144, O. S. 1931, the board of county commissioners and the county engineer are charged with the duty of repairing and dragging the state road system and are required to keep the same in proper condition. Under section 11517, O. S. 1931, every gas pipe line corporation in this state is given authority to build, construct, and maintain gas pipe lines over, under, across and through all highways, bridges, streets or alleys in the state—"subject to responsibilities as otherwise provided by law." Under section 11558, O. S. 1931, every domestic pipe line in this state is given authority to build, construct, lay and maintain oil pipe lines over, under, across and through all highways—"subject to responsibility as provided by law for any negligent injury thereby caused." The right to build, construct, lay and maintain carries with it the responsibility for negligent injury caused thereby.

We are of the opinion that a duty to maintain the highway rests upon the board of county commissioners and the county engineer, but that a duty likewise rests upon the owner or operator of a pipe line crossing a public highway to maintain it in such a condition that said highway may be traveled with safety by the public. The fact that a gas company is given permission to lay its line in a street or highway does not exempt it from the duty to take proper precautions to prevent injuries to persons using such highway.

"It is true, as defendant contends, that a pipe line for the transportation and distribution of oil for fuel and other purposes may lawfully be laid along a public highway. However, it must be so laid that it will not obstruct or endanger the use of the highway for public travel. State v. Natural Gas Co., 71 Kan. 508, 80 P. 962, 114 Am. St. Rep. 507." Thompson et al. v. Union Traction Co. (Kan.) 172 P. 990.

"The defendant contends that it had the right to lay its gas pipes along the highway. This is correct, under a former decision of this court; but with that right went the obligation to lay the pipes in such a way that no person would be injured by gas escaping therefrom. This court in State v. Natural Gas Co., 71 Kan. 508, 80 P. 962, 114 Am. St. Rep. 507, said:

"'As against the state, a natural gas company, incorporated under the laws of Kansas for the purpose of transporting and distributing natural gas for fuel, light, and power, may bury its pipe line in the public highway, where such use does not inconvenience, endanger, or obstruct public travel.'" Murphy v. Ludowici Gas & Oil Co. (Kan.) 150 P. 581.

"The use of a street or highway by a gas company in constructing and operating its works must be consistent with the continued use thereof as a passageway by all persons exercising ordinary care; and for any injury resulting from its negligence to a traveler on such street or highway, the company will as a general rule be liable. Possession by a gas company of a license to lay its pipes in a street, and to dig a trench therefor, does not exempt it from the duty of taking proper precautions to prevent injury therefrom to persons using the street." 28 C. J. 589.

The defendant in this case operated and maintained the line at the time of the accident. The operation and maintenance thereof in a dangerous condition rendered said defendant liable to parties injured thereby, and this liability was not lessened by the fact that a duty was also imposed upon the board of county commissioners to keep the highway in repair.

"Possession by a gas company of a license to lay its pipe in a street, and to dig a trench therefor, does not exempt it from the duty of taking proper precautions to prevent injury therefrom to persons using the street." Endicott v. Triple State Natural Gas & Oil Co. (Ky.) 76 S. W. 516.

"The mere failure of one person to remove an obstruction placed in the highway by another, does not render him liable for injuries caused thereby; but if he adopts and maintains a nuisance created by another he will be liable. So where one person's property is made an obstruction by another, the former, if not a party to the wrong, is not liable. But if the owner per-

mits the property to remain in the road, he is liable although it was placed there by a trespasser." 29 C. J. 679.

"It is a nuisance and unlawful to place and keep or leave continuously in a public highway anything which either impedes or endangers public travel." Indiana Natural & Illuminating Gas Co. v McMath (Ind.) 57 N. E. 593.

"The fact that the landlord of an apartment house may be liable to his tenant for permitting an unsafe cover over an opening dug by a gas company to repair its pipes to remain in that condition for 30 days does not affect the liability of the gas company for its negligence in leaving the premises in that condition." City Gas Co. of Norfolk v. Lawrence (Va.) 88 S. E. 73.

"The fact that another person may also be guilty of negligence does not relieve the gas company from liability." 28 C. J. 589.

In the case of Texarkana Telephone Co. v. Burge (Tex. Civ. App.) 192 S. W. 807, the facts disclose that a third person had lowered a telephone wire belonging to the defendant. The defendant failed to repair the same, causing injury to the plaintiff. Judgment in favor of the plaintiff was affirmed, and the court says that the company was responsible for its failure to remedy its condition although said condition had been caused by a third person.

We therefore hold that there was a duty imposed upon the gas company owning said gas line to maintain it in such a condition where it crossed said highway as to make it safe for the traveling public.

Under defendant's second proposition, it is argued that the court erred in not permitting the jury to view the premises. This is a matter within the court's discretion. Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 P. 934.

The case was tried nearly a year after the accident. The evidence was conflicting as to whether the condition was the same at the time of the trial as at the time of the accident. In refusing the request for a view of the premises, the trial court said:

"The request will have to be refused for the reason it has been so long since the accident, and for the further reason that there is evidence here that the pipe line ditch has been filled up and it couldn't be in the same condition as it was then, and for that reason the request will be denied."

We find no abuse of discretion in the trial court's refusal to permit the jury to view the premises.

Defendant complains that this was a quotient verdict, and in support thereof attaches the affidavits of two of the jurors who did not concur in the verdict. This evidence was incompetent. Oklahoma City v. Stewart et al., 76 Okla. 211, 184 P. 779. No other evidence was introduced. It is the settled law of this state that a juror will not be permitted to impeach his verdict by affidavit or by testimony. This rule has been consistently followed throughout the entire history of this state and territory. Egan v. First National Bank of Tulsa, 67 Okla. 168, 169 P. 621; Hale et al. v. Streeter, 91 Okla. 107, 216 P. 154; Teters v. Frost, 145 Okla. 273, 292 P. 356.

The defendant claims under his third proposition that the verdict is excessive and would not have been given otherwise than under the influence of passion and prejudice. The evidence disclosed that the plaintiff was a woman 21 years of age; that the car turned over pinning her beneath it; that she was unable to extricate herself; that others removed the car; that a portion of the steering gear had been driven into her foot, and that it was necessary for her husband to pull this out; that she suffered great pain both at the time of the accident and for a considerable period thereafter; that she was confined to her bed for about two weeks and was compelled to use crutches for some weeks thereafter. She claimed that she was still suffering at the time of the trial, nearly a year thereafter, as a result of said accident, and that she was still lame. Her physician testified as to the severity of the injury; the necessity of using hypodermics; that she was under a great deal of pain because of the location of various nerves at the point of injury. He stated that he could not tell whether it would be permanent or not but that in his opinion she would ultimately recover. These witnesses and others were before the jury. Under these circumstances, we do not feel that a verdict of $1,700 was so excessive that it would show passion or prejudice on the part of the jury.

The defendant next complains that there were contradictions and inconsistencies in the evidence introduced by the plaintiff. This consisted mainly of the distance the car traveled after hitting said ditch, but all of these facts, including any alleged inconsistencies, were submitted to the jury. There was evidence to sustain the verdict, and it is the settled rule of this court that if there is any evidence to sustain the verdict of the jury, the same will not be

disturbed upon review. Numerous cases could be cited upon this, but we do not feel this is necessary.

Finding no error, the judgment of the trial court is hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys J. E. Curran, L. S. Gurley, and R. M. Parkhurst in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Curran and approved by Mr. Gurley and Mr. Parkhurst, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. WELCH, J., absent. BUSBY, J., not voting.