**OKLAHOMA NATURAL GAS CO.**

v.

**HANCOCK et ux.**

No. 35434.

Supreme Court of Oklahoma.

June 1, 1954.

Rehearing Denied June 22, 1954.

Application for Leave to File Second
Petition for Rehearing Denied
July 28, 1954.

Paul Pinson, Carlson, Lupardus, Matthews & Holliman, Tulsa, for plaintiff in error.

Wilson & Wilson, Enid, for defendants in error.

WELCH, Justice.

According to testimony the plaintiffs, husband and wife, were riding in an automobile driven by the husband. They were traveling on a certain dirt surfaced street in a certain numbered block in the City of Enid when the automobile struck a depression and with effect to inflict personal injuries to the wife and cause loss and damage to both plaintiffs. The street was covered with snow except for the ruts in which the automobile proceeded. The driver did not see the depression until after the accident, and he then observed a slight depression along a narrow line leading across the street and to a gas meter, the property of the defendant. The accident occurred on February 12th. On October 10th preceding, the defendant company had excavated a ditch across the said certain street in the certain numbered block and had laid a gas pipe therein and had filled the ditch with dry dirt to the level of the street surface. Thereafter it rained in the vicinity on the 1st day of November, and on the last day of November. There was a slight trace of rain in December. In the meantime, the city had dragged or graded the street across the line of the covered ditch. Throughout January there were intermittent heavy rainfalls and snowfall. From January 10th to February 12th there was snow on the ground in the area and in such period in a greater part of the time the temperature was sub-freezing.

The proofs justify the conclusion that defendant filled the ditch in such manner that with the coming of the winter rains and snow and alternate freezing and thaws there was created a subsidence or depression in the street that was the cause of the plaintiffs' injuries and loss.

It was left to the jury to determine whether, under the aforesaid conditions, the defendant company was negligent, and responsible for the injury and loss to the plaintiffs. The jury found for the plaintiffs and assessed the plaintiffs' damages at a stated amount, and judgment was entered in accord with the verdict.

The defendant contends the court erred in its refusal to sustain the defendant's demurrer to the plaintiffs' evidence, and in the refusal to direct a verdict for the defendant.

It is argued that once the defendant had filled its ditch to the level of the street surface and the city had thereafter commenced the maintenance of the street, the defendant was charged no futher responsibility; that the duty of taking care of any subsidence which should afterward occur rested upon the city.

The defendant directs attention to the rule that a municipal corporation is charged with a non-delegable duty of maintaining its streets in a reasonably safe condition for travel, as respects the public; citing City of Tulsa v. Wells, 79 Okl. 39, 191 P. 186, and City of Sapulpa v. Deason, 81 Okl. 51, 196 P. 544.

In statute 52 O.S.1951 § 10, it is provided that every gas pipe line corporation or individual in this state is authorized to construct and maintain gas pipe lines under streets "subject to the control of the local municipalities as to how the business of distribution in that municipality shall be conducted, and subject to responsibility as otherwise provided by law". In 52 O.S. 1951 § 27, it is provided that "the right to lay gas pipe lines in cities shall be acquired as now provided by law, and subject to the responsibility as otherwise provided by law for any negligent injury thereby caused." In Robinson Oil Corp. v. Davis, 171 Okl. 557, 43 P.2d 754, 755, it was held:

"The use of a highway by a company or an individual in constructing, operating, and maintaining a pipe line or pipe line ditch must be consistent with the continued use of said highway as a passageway by all persons exercising ordinary care, and, for any injury resulting from its or his negligence to a traveler on said highway, the company or individual will, as a general rule, be liable."

In the Robinson case there was a charge negligence in the leaving of an unfilled pipe line ditch across a county highway. Said the Court:

"We are of the opinion that a duty to maintain the highway rests upon the board of county commissioners and the

county engineer, but that a duty likewise rests upon the owner or operator of a pipe line crossing a public highway to maintain it in such a condition that said highway may be traveled with safety by the public. The fact that a gas company is given permission to lay its line in a street or highway does not exempt it from the duty to take proper precautions to prevent injuries to persons using such highway."

The defendant also cites Armstrong v. City of Tulsa, 102 Okl. 49, 226 P. 560, 561, wherein it is stated:

"The general rule is that, after an independent contractor has turned over the work performed by him, and it has been accepted by the proprietor, the contractor incurs no further liability to third parties by reason of the condition of the work; but the responsibility, if any, for maintaining or using it in its defective condition is shifted to the proprietor. The contractor remains liable, if at all, only to the proprietor for a breach of his contract."

Herein, the record is barren of any evidence containing a suggestion that the defendant occupied the relation of independent contractor in the transaction of opening and refilling the ditch across the city street. Admittedly, the work was done for the sole use and benefit of the defendant in connection with its business of distributing gas. It follows that the defendant may be held responsible for negligent injury thereby caused.

Herein, by whatever right or authority the ditch was dug by the defendant, it appears that the work was done for the sole use and benefit of the defendant, and that the work was an interference with the public use of the street and was in derogation of the right of the public to a use of the street for travel. It follows that there was a duty upon the defendant to restore the street to its normal condition and to take care of its work in so far as the public rights are concerned until such restoration was permanent.

The fact that the city was under a duty to maintain the street in a reasonably safe condition for travel and accepted the defendant's work in the street (if it did) does not exempt the defendant from the duty that it had to take proper precautions in its work to prevent injury to persons thereafter using the street. As affecting the injured plaintiffs, the negligence, if any, of the defendant was not deprived of its character as legal cause by the mere failure of a third party to counteract its tendencies. Any neglect of the city in caring for a situation left by the defendant was not an intervening cause such as to relieve the defendant of liability for its negligence.

In the nature of things, in the addition of water to loose dry dirt in a ditch, a subsidence is to be expected, and likewise rainfall is a normal expectancy. Herein, without doubt, the defendant was under a duty to put the street in as good condition as it had previously been and to exercise a reasonable foresight so to prevent any injury afterward which might be occasioned to the work by rainfall and snow and which would render the work dangerous to persons traveling on the street. We find the evidence permits the inference that the defendant violated the aforesaid duty, with resulting injury and loss to the plaintiffs. There is no controversy concerning the extent and nature of the loss and damages sustained by the plaintiffs.

The judgment is affirmed.

HALLEY, C. J., and CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.