94 So.2d 809 (1956)
NATIONAL RATING BUREAU, Inc., a Florida corporation, Raymond K. Tigges and Bell B. Tigges, his wife, Appellants,
v.
FLORIDA POWER CORPORATION, Appellee.
Supreme Court of Florida. En Banc.
December 19, 1956.
On Rehearing May 1, 1957.
*810 L.D. Martin, St. Petersburg, for appellants.
Mann, Harrison, Stone, Roney & Mann and Paul H. Roney, St. Petersburg, for appellee.
O'CONNELL, Justice.
Appellants were plaintiffs and appellees were defendants in the trial court. The parties will be referred to as they stood in the trial court.
This was an action in chancery wherein the plaintiffs sought to enjoin the defendant, a public utility corporation, from occupying or using, until payment therefor, a one hundred foot strip across lands alleged to be owned by the plaintiffs. The 100 ft. strip included and ran on both sides of a 30 ft. street, which street was dedicated to the public by subdivision plat. Said street, hereinafter referred to as 68th Avenue, was not developed and the dedication thereof had not been accepted either by public user or action of the County Commission of Pinellas County. The street was in the unincorporated area of the County. The bill of complaint also prayed that the chancellor award damages for the cutting of certain trees on the 100 ft. strip, including 68th Avenue, attorney's fees and costs of the suit.
The evidence reveals that defendant initially intended to extend an electric transmission line across poles to be placed on 68th Avenue. In preparation for the erection of said line the defendant engaged one W.W. Hardee to clear the 30 foot right-of-way of 68th Avenue. The contract with Hardee and the instructions of the defendant to Hardee were clear. Hardee was to limit his activity to clearing the street right-of-way. Through an admitted error on the part of Hardee, these instructions were not followed by him and he cleared a strip 100 feet wide. Trees were cut not only from the 30 foot right-of-way, but also from the lands of the plaintiffs abutting the street. It appears that at most a total of 25 slash pine trees approximately 8" in diameter were cut from the right-of-way of 68th Avenue and from the lands on both sides thereof. From three to five of these trees were cut from the street right-of-way.
Defendant admitted in its answer that it intended to extend an electric transmission line along 68th Avenue, but denied that it intended to appropriate or use any lands outside said street right-of-way. At the final hearing the defendant announced that it no longer intended to put its lines on 68th Avenue where it abutted plaintiffs' property and was allowed to amend its answer to so state. The question to be decided by the chancellor was thereby limited to one of damages.
The parties agreed that they did not wish a jury trial on the question of damages and agreed that such question should be determined by the chancellor.
After receiving evidence, the chancellor entered a decree dismissing the bill of *811 complaint at the cost of the plaintiffs. A petition for rehearing was denied and the plaintiffs appealed.
In his findings of fact, which were incorporated by reference in the final decree, the Court found that trees had been cut both from the right-of-way of 68th Avenue and from the adjacent lands owned by some of the plaintiffs; that there was no liability on defendant for the damage done in cutting the trees outside the right-of-way of 68th Avenue; and in effect that although the defendant was responsible for cutting the trees from the right-of-way of said street that there was no damage.
In the final decree the chancellor stated that "* * * if any trespass had been committed, it had been committed by a third party not a party to this cause * * *" and he then dismissed the bill.
Plaintiffs contend that the chancellor committed error in finding no damage to have been suffered by them from the cutting of the trees, both on and off the street right-of-way, and in his refusing to assess costs and attorney's fees against the defendant.
The measure of damages, if any damages were incurred by plaintiffs, would be the depreciation in value of the land as a result of the cutting of the trees. Gasque v. Ball, 1913, 65 Fla. 383, 62 So. 215.
The chancellor found that no damage had been suffered by the cutting of the trees in the right-of-way of 68th Avenue. The evidence on this question was in conflict and we will not therefore disturb his finding.
However, he did not determine whether the cutting of the trees on the property on either side of said street right-of-way damaged plaintiffs' property. He reasoned that it was unnecessary to do so since such damage, if any, was the responsibility of Hardee, who cleared the land, and whom the chancellor held to be an independent contractor.
We have no difficulty in agreeing with the chancellor that Hardee was an independent contractor.
For the purposes of deciding the case before us it is unnecessary to determine whether the street in question was dedicated or not. The results reached are the same in either case.
Nor is it necessary for us to determine whether the placing of poles and lines for transmission of electricity for commercial use is a public use of a street right-of-way which may be made without placing an additional burden on the interest of an abutting owner to the lands under the street. In this case no poles or lines were placed thereon.
The question for us to decide is whether the defendant had the right to cut the trees from the street without compensating the owner of the abutting lands. If the defendant did not have this right then its contract with Hardee was for a tortious purpose and even though Hardee was an independent contractor defendant would be responsible for the damage to the abutting owners, not only for the trees cut in the right-of-way but on the adjacent lands as well. The independent contractor doctrine does not relieve the employer of responsibility for the negligent acts of the contractor where the work to be done under the contract, of itself, operates to injure the property of another. Weinman v. De Palma, 1914, 232 U.S. 571, 34 S.Ct. 370, 58 L.Ed. 733; Mall v. C. & W. Rural Electric Cooperative Ass'n, 1950, 168 Kan. 518, 213 P.2d 993. See Annotation in 21 A.L.R. 1262 and cases there cited, also 27 Am.Jur., Independent Contractors, Sec. 40.
There are authorities which hold that an abutting owner has a property interest in trees in a street adjoining his property which gives to him a right to recover for destruction thereof by a public utility furnishing light and power for commercial use. Mall v. C. & W. Rural Electric *812 Cooperative Ass'n, supra; Alabama Power Co. v. Christian, 1927, 216 Ala. 160, 112 So. 763 and 25 Am.Jur., Highways, Sections 299 and 301.
We feel that the decisions of these authorities represent the better view, although there is conflict in the authorities on the question
Therefore, except where the right to do so has been waived or conveyed away by an abutting owner and subject to valid laws and ordinances affecting the same, we hold that where an abutting owner owns the fee in a portion of a rural street occupied by a tree, he may recover for damages done to such tree by a public utility furnishing light and power for commercial use.
In view of this conclusion we decide that it was error for the chancellor to hold that the defendant was not responsible for the acts of his contractor, Hardee, in cutting the trees on the lands of the plaintiffs. Such a holding follows our conclusion that the act contracted for being tortious, the defendant cannot escape responsibility for the acts of the contractor because he was an independent contractor. Our decision would necessarily be otherwise if the defendant had the right to cut the trees on the right-of-way without compensating the abutting owner for any damage occasioned thereby. The chancellor should have determined the damage, if any, occasioned by the cutting of the trees on plaintiffs' lands.
This leaves to be disposed of the question of attorney's fees and costs.
Appellants contend that the case of State Road Dept. v. Bender, 1941, 147 Fla. 15, 2 So.2d 298 authorizes an award to them of attorneys' fees. We do not so construe the holding in that case. In reviewing the record in that case it is clear that the chancellor granted the fees only because the State Road Dept. in its answer prayed for and was granted an easement over the lands of the plaintiffs in that suit. The chancellor there stated specifically that he allowed a fee comparable to that which would have been allowed if the easement had been condemned by the State Road Dept. There was no affirmative relief prayed for or granted in the suit now before us.
The chancellor committed no error in his refusal to grant attorneys' fees.
The assessment of costs in an equity action is discretionary with the chancellor. In the absence of a clear showing of abuse of discretion we will not disturb his ruling as to costs. In this case costs were assessed against the plaintiffs. While we do not hold that the chancellor abused his discretion, we invite his attention to the fact that the litigation before us was provoked by what we feel to be the wrongful act of the defendant.
This cause is remanded to the chancellor for the purpose of determining, either on the record now existing or by taking of new evidence, the damage suffered by plaintiffs, or any of them, by the cutting of trees on their property and for a reconsideration of the assessment of costs between or against the parties.
Affirmed in part and reversed in part.
DREW, C.J., and THOMAS and HOBSON, JJ., concur.
ROBERTS and THORNAL, JJ., not participating.
MILLEDGE, Associate Justice, dissents.
MILLEDGE, Associate Justice (dissenting).
I agree with the majority of the court that a trespass was committed by the defendant. It follows that the plaintiff is entitled to a decree, at least for nominal damages, and is entitled as a matter of *813 right to his costs. While the case was tried on the equity side of the court, the right sought to be vindicated was legal, not equitable, and costs should be assessed as in an action at law. The plaintiff has sought attorney's fees and again I agree with the majority that attorney's fees cannot be awarded in this kind of proceeding. The situation warrants, I think, calling to the attention of the trial judge, that exemplary damages may be awarded where the trespass was wilful. A case for punitive damages was made in Hutchinson v. Courtney, 86 Fla. 556, 98 So. 582, on facts weaker than the present case. Also of interest in this connection is Brown v. Asheville Electric Light Co., 138 N.C. 533, 51 S.E. 62, 69 L.R.A. 631; 52 Am.Jur. 878. The actual expenses to which a plaintiff has been put in resisting an invasion of his land may well be considered by a court in measuring punitive damages. If those who, without warrant or excuse, trespass upon another's land are made to pay the full expenses incurred by the wronged owner of the land, this may serve as a deterrent to others contemplating a like course. Anything less is an active encouragement to the powerful to invade the property rights of their less prosperous neighbors, who cannot afford the cost of repelling the invasion.
If I understand it correctly, the majority opinion holds that the defendant was guilty of a trespass not only for cutting the trees on the right of way, but for cutting trees on the plaintiff's adjacent land as well. I agree with the proposition that the independent contractor doctrine does not relieve the employer of responsibility for the negligent acts of the contractor where the work to be done under the contract, of itself, operates to injure the property of another. For that very reason the defendant cannot escape liability for the trespass on the right of way because he employed an independent contractor to cut the trees. The independent contractor could not discharge his contract without committing a trespass. The liability of the defendant is the same as though the cutting were done by the defendant's servants.
I cannot, however, agree to the proposition that the defendant committed a trespass upon the adjoining lands of the plaintiff because the independent contractor cut trees beyond the right of way, contrary to the express terms of the contract of employment. The cutting beyond the express directions would perhaps make no difference if the wrong had been committed by a servant, but here, I think, the fact that it was done by an independent contractor becomes significant, because the defendant did not control, nor had he the right to control the manner in which the contractor did his work. It seems to me that Weinman v. De Palma and the other authorities cited by the majority apply to the basis of liability for cutting trees on the right of way, but that these authorities are inapplicable to the cutting on the adjoining lands. Not wishing to labor the point, I content myself with citing Restatement of the Law of Agency, Section 250:
"Except as stated in Section 251 (not applicable to the facts of this case), a principal is not liable for physical harm caused by the negligent physical conduct of an agent, who is not a servant, during the performance of the principal's business, unless the act was done in the manner directed or authorized by the principal or the result was one intended or authorized by the principal."
The comment following this section is:
"A plaintiff employing another to achieve a result but not controlling nor having the right to control the details of his physical movements is not responsible for incidental negligence while such person is conducting the authorized transaction"
Since I agree with the conclusion of the majority that the plaintiff had a property right in the trees standing on the right of way, the circumstance that I differ in my *814 reasons for reaching this conclusion does not warrant further discussion.

On Rehearing Granted.
O'CONNELL, Justice.
The plaintiffs, appellants here, filed a petition for rehearing directed to our refusal to reverse the chancellor in his denial of attorneys' fees. This petition has been granted and we have reexamined this question. Under existing statutes and decisions in this state we find no basis upon which we can do other than adhere to our opinion previously rendered in this case.
The defendant, appellee here, also filed a petition for rehearing on several grounds. We feel it wise in order to make our opinion clearer to add thereto on one point.
Defendant argues that even if the cutting of the trees on the right of way was tortious, its liability is nevertheless limited to those acts authorized under the contract and not for the cutting of the trees not on the right of way.
In our opinion in this case, we said that the independent contractor doctrine does not relieve the principal of responsibility for the negligent or tortious acts of the contractor where the work to be done under the contract, of itself, is tortious. We should have added that where the contract is for the commission of a tort the principal is responsible not only for the acts authorized by the contract, but for the collateral acts of the independent contractor as well.
The case of Cleveland, C., C. & St. L. Ry. Co. v. Simpson, 1914, 182 Ind. 693, 104 N.E. 301, 306, 108 N.E. 9, explains our view. There the defendant company directed an independent contractor to do specific work on lands of another. The independent contractor did the specifically authorized work, which the court held to be a trespass, but also did other work not authorized by the defendant. In holding the defendant company, the principal, responsible for all damage done by the independent contractor the court said:
"* * * It is well settled law that he who counsels, advises, abets, or assists another to commit a tort, or joins in its commission, is responsible for all the injury done, whether specifically authorized or not, and cannot excuse himself from liability because the particular injury complained of was occasioned by the agent or contractor in connection with the wrongful acts authorized. Both are trespassers, and each is individually liable for the tort committed. * * *"
We adhere to our opinion filed on December 19, 1956.
TERRELL, C.J., and THOMAS and DREW, JJ., concur.
HOBSON and ROBERTS, JJ., and MILLEDGE, Associate Justice, dissent.